| |
|---|
| **RSD857 LLC v Wright** |
| 2025 NY Slip Op 32014(U) |
| June 6, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 158125/2022 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. PAUL A. GOETZ</u>     PART              47

*Justice*

-------------------------------------------------------------------------------X

RSD857 LLC,

                Plaintiff,

- v -

ALBERT WRIGHT, MICHAEL PETROKANSKY, UTICA
RESIDENCE LLC,SIGMUND FREUND, SPENCER
DEVELOPERS INC.,JOHN VISCUSI, JOBY HCOCK1131
LLC,YKSNAK HOLDINGS LLC,DUSTIN COHEN

                Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158125/2022 |
| MOTION DATE | N/A, N/A, N/A |
| MOTION SEQ. NO. | 004 005 006 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 253, 254, 268, 269, 270, 271, 286, 287, 288

were read on this motion to/for           <u>          DISCOVERY         </u>.

The following e-filed documents, listed by NYSCEF document number (Motion 005) 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 250, 251, 252, 255, 264, 272, 273, 274, 275, 276, 277, 289, 290, 291, 292

were read on this motion to/for           <u>      STRIKE PLEADINGS      </u>.

The following e-filed documents, listed by NYSCEF document number (Motion 006) 256, 257, 258, 259, 260, 261, 262, 263, 265, 266, 281, 282, 283, 284, 285

were read on this motion to/for           <u>          DISCOVERY         </u>.

Upon the foregoing documents, it is

       ORDERED that the portion of defendant / counterclaim-plaintiff, Albert Wright's motion

(MS #4) to compel plaintiff RSD857 LLC ("RSD857") and counterclaim-defendants Michael

Petrokansky ("Petrokansky"), YKSNAK Holdings LLC ("YKSNAK"), and Joby Hcock 1131

LLC ("JOBY") (collectively, the "Petrokansky Entities") to provide amended responses to

Wright's document requests (NYSCEF Doc No 229, 230, 236, 237) is granted to the extent that

because Petrokansky Entities' responses fail to "state with reasonable particularity the reasons

**158125/2022   RSD857 LLC vs. WRIGHT, ALBERT ET AL**
**Motion No.  004 005 006**

**Page 1 of 5**

1 of 5

for each objection" pursuant to CPLR § 3122, and "CPLR 3101(a) mandates full disclosure of matters material and necessary in the prosecution or defense of an action" (*Perrone v Suez Water Assoc., Inc.*, 235 AD3d 544, 544-45 [1st Dept 2025]) that RSD857 and Petrokansky are compelled to produce documents in response to Mr. Wright's document requests or are to provide a *Jackson* affidavit if they are not in possession of said documents, however productions of communications requested by Wright, should be limited to communications related to the Premises[1]; and it is further

ORDERED that the portion of defendant / counterclaim-plaintiff, Albert Wright's motion (MS #4) to compel responses to the interrogatories served on RSD857 and Petrokansky is granted to the extent that RSD857 and Petrokansky are compelled to respond to the Interrogatories in accordance with the following conditions :

- As for RSD857 and Petrokansky's objections regarding the definition of the term "you" the parties shall respond to the extent of their knowledge to the extent the entities themselves, that is Petrokansky, himself, and RSD857 of which Petrokansky is the sole member, itself, took the actions identified in the interrogatories, and to the extent of their knowledge, that any entities representing them took the actions identified in the interrogatories
- As for RSD857 and Petrokansky's objections that the individual interrogatories are overly broad or burdensome, the information sought by RSD857 Interrogatories 3, 5, 6, 7, 8, 9 and 10, and Petrokansky Interrogatories 3, 5, 6, 7, 8, 9, 10, and 11 is material and necessary to the instant matter and RSD857 and Petrokansky are compelled to provide responses to the extent of their knowledge.
- As for RSD857 and Petrokansky Interrogatory 4, RSD857 and Petrokansky are compelled to provide a response, but limited as to contracts and agreements with relevance to the direct action including the sale, contract, appraisal, foreclosure, or other matters directly effecting the events at issue in this case and shall not include as RSD857 and Petrokansky note agreements potentially "related" to the Premises that have no relevance to this matter, such as garbage pickup, and cutting grass (NYSCEF Doc No 268 ¶ 59)
  And it is further;

---

[1] Relevant communications would include communications regarding, the sale, contract, appraisal, foreclosure and other events involving the premises.

**158125/2022   RSD857 LLC vs. WRIGHT, ALBERT ET AL**                    **Page 2 of 5**
  **Motion No.  004 005 006**

2 of 5

[* 2]

ORDERED that the portion of Wright's motion (MS #4) that seeks to compel RSD857 and Petroansky to amend responses to Wright's First Requests for Admission is granted to the extent that RSD857 shall respond to the requests, and Petroansky shall amend his responses as to requests relating to the authenticity of documents (RFAs 11, 32, 36 and 40) as pursuant to CPLR § 3123 a notice to admit is properly used to determine "the genuineness of any papers or documents"[2], and Petroansky shall also respond to requests relating to the authenticity of signatures (RFAs 12, 15, 31, 33, 35, 37, 39, and 41)[3], however because "[A] notice to admit may not be utilized to request admission of material issues or ultimate or conclusory facts, or facts within the unique knowledge of other parties" (*Fetahu v New Jersey Tr. Corp.*, 167 AD3d 514, 515 [1st Dept 2018]) the objections to RFAs 6, 8, 9, 16, 17, 18, 22, 23, 24, 25, 26, 27, 44, and 45 are proper and Wright can question Petoransky as to these elements at his deposition; and it is further

ORDERED that the portion of the Petrokansky Entities's motion (MS #5) seeking to compel Wright to produce additional documents is granted but only to the extent that Mr. Wright is compelled to provide a *Jackson* affidavit that he has provided all responsive documents as to the relevant time period, which is January 1, 2017 – September 22, 2022 as records up to the present day are not relevant to the instant action (*Kopelevich & Feldsherova, P.C. v Geller Law Group, P.C.*, 222 AD3d 956 [2d Dept 2023]) and the Petrokansky Entities's requests for financial records regarding refinancing that occurred years before the events relevant to the instant action are immaterial here, and as for the Petrokansky Entities's argument that these bank

---

[2] While RSD857 and Petrokansky argue that RFA 32 and 40 are improper because they contain "assertions as to what the document does" rather than just ask that the document is authentic, the notice to admit is limited to an assertion of authenticit.

[3] Petroansky objects to this request because he argues that there are multiple signatures on the documents, this objection is without merit and Petroansky can identify and admit as to his own signature in the documents.

**158125/2022   RSD857 LLC vs. WRIGHT, ALBERT ET AL**
**Motion No.  004 005 006**

**Page 3 of 5**

3 of 5

[* 3]

records speak to Wright's credibility because in Wright's pleading he states he had purchased the Premises for the purpose of restoring it, and thus this warrants inquiry into his financial records to determine if he actually spent funds restoring the property, (NYSCEF Doc No 38 ¶ 95) it is unclear how a probe into Mr. Wright's financial records for over 20 years could contradict Mr. Wright's assertion that he intended to restore the Premises, to an extent that would question his credibility and thus the demand is improper as it is based on "hypothetical speculations calculated to justify a fishing expedition" (*Budano v Gurdon*, 97 AD3d 497, 499 [1st Dept 2012]); and it is further

ORDERED that the portion of the Petrokansky Entities's motion (MS #5) seeking to compel Wright to provide a response to Interrogatory No. 17 is granted to the extent that Wright is compelled to the extent of his knowledge and ability is to provide a response; and it is further

ORDERED that the portion of the Petrokansky Entities's motion (MS #5) seeking to compel Wright to provide amended responses to their Notice to Admit is denied as Wright's subsequent production (NYSCEF Doc No 277) cured any deficiencies in the initial production; and it is further

ORDERED that the portion of the Petrokansky Entities's motion (MS #5) seeking an order striking Mr. Wright's pleading is denied;

ORDERED that Counterclaim Defendant John Viscusi's motion for a protective order to avoid responding to Wright's Amended Requests for Admissions Nos. 9 and 10, is denied because at this juncture, Wright is merely seeking to authenticate the Consent Order, and Viscusi's signature and Viscusi's objections regarding the admissibility of the document can be addressed at trial through a *motion in limine*; and it is further

**158125/2022   RSD857 LLC vs. WRIGHT, ALBERT ET AL**          **Page 4 of 5**
  **Motion No.  004 005 006**

4 of 5

[* 4]

ORDERED that any additional discovery ordered above shall be provided within 30 days of this order; and it is further

ORDERED that the parties are directed to attend a status conference on July 17, 2025 at 9:30 AM.

20250606142617PGOETZA2B96AAB6E944D86AD14745A605CE8B6

__6/6/2025__
__DATE__

__PAUL A. GOETZ, J.S.C.__

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**158125/2022   RSD857 LLC vs. WRIGHT, ALBERT ET AL**
**Motion No.  004 005 006**

Page 5 of 5

5 of 5

[* 5]